Judgment rendered August 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,819-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LAKESHA STRAWDER                          Plaintiff-Appellant

versus

RICKY SIMPSON                             Defendant-Appellee

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2021-CV-00672

Honorable Tammy D. Lee, Judge

* * * * *

LAKESHA STRAWDER                          In Proper Person

LAVELLE B. SALOMON, APLC                  Counsel for Appellee

* * * * *

Before PITMAN, STEPHENS, and ELLENDER, JJ.

**PITMAN, C. J.**

Plaintiff-Appellant Lakesha Strawder appeals the trial court's granting of Defendant-Appellee Ricky Simpson's peremptory exception of nonjoinder of an indispensable party and dismissal of her case.  For the following reasons, we affirm.

**FACTS**

Strawder's house suffered flood damage.  In 2018, she applied to have her house repaired through the Restore Louisiana Homeowner Assistance Program ("Restore Louisiana").  Restore Louisiana retained Masters Enterprises, LLC, of which Simpson is the manager, to supply the repair services.  The repairs were invoiced to Restore Louisiana, which it paid after an inspection.

On May 25, 2021, Strawder, in proper person, filed a petition and named Simpson as the defendant.  She stated that he was paid $16,087.41 to repair her house but that he did not properly or fully complete the repairs.  She stated that she had to hire someone else to complete the repairs.

On June 2, 2021, Simpson, in proper person, filed an answer.  He argued that he did not owe Strawder any money because Restore Louisiana made the payments.  He stated that the services were approved by the state.

On April 4, 2022, Simpson, now represented by counsel, filed peremptory exceptions of no right of action, nonjoinder of an indispensable party, prescription and no cause of action.  He explained that he performed the repairs in 2018 and that Strawder's suit was prescribed when she filed it in May 2021.  He stated that the work performed was not by him in his individual capacity but by Masters Enterprises, which Strawder failed to join

as a party. He also argued that Strawder has no right of action because she was not the payor—Restore Louisiana made all payments.

A hearing on the exceptions was held on July 6, 2023. On September 1, 2023, the trial court granted the peremptory exception of nonjoinder of an indispensable party and dismissed the action.

Strawder appeals.

## DISCUSSION

Simpson argues that the trial court did not err in granting his exception of nonjoinder. He states that Masters Enterprises was the proper party defendant. He explains that Restore Louisiana contracted with Masters Enterprises to supply repair services and that Masters Enterprises performed the repairs. He notes that he, individually, had no contractual obligation to Strawder. He also argues that the trial court should have granted his exceptions of prescription, no right of action and no cause of action.

La. C.C.P. art. 641 addresses the joinder of parties and states that a person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

The failure to join a party to an action may be pleaded in a peremptory exception or may be noticed by the trial or appellate court on its own motion. La. C.C.P. art. 645; La. C.C.P. art. 927.

Appellate courts review a district court's grant or denial of a peremptory exception based on the nonjoinder of a party using the abuse of

2

discretion standard of review. *Farooqui v. BRFHH Shreveport, LLC*, 53,816 (La. App. 2 Cir. 4/14/21), 316 So. 3d 579, *writ denied*, 21-00654 (La. 9/27/21), 324 So. 3d 100.

The record in this case includes an unrefuted affidavit by Simpson in which he states that the contract for the repair work to Strawder's house was between Restore America and Masters Enterprises, of which he is the manager. He noted that all payments were made by Restore America to Masters Enterprises. He explained that he, as an individual, did not contract with Strawder and did not receive any payments from her. These statements by Simpson demonstrate that Masters Enterprises is an indispensable party in this case pursuant to La. C.C.P. art. 641. Accordingly, the district court did not abuse its discretion in granting the peremptory exception based on the nonjoinder of Masters Enterprises as a defendant.

As the district court did not address the additional exceptions of prescription, no right of action and no cause of action, we will not review them for the first time on appeal.

### CONCLUSION

For the foregoing reasons, we affirm the district court's granting of Defendant-Appellee Ricky Simpson's peremptory exception of nonjoinder of an indispensable party and dismissal of Plaintiff-Appellant Lakesha Strawder's case. Costs of this appeal are assessed to Plaintiff-Appellant Lakesha Strawder.

**AFFIRMED.**

3